UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ADVENTURE FACILITY CONCEPTS AND MANAGEMENT, LLC, d/b/a FUNTOPIA, and MICHAEL WELLS, as Father and Next Friend of WILLIAM WELLS, <br><br> Defendants. | Court No.: 1:22-cv-00482 |

**PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY'S
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Atain Specialty Insurance Company ("Atain"), files this First Amended Complaint against Adventure Facility Concepts and Management, LLC d/b/a Funtopia and Michael Wells, as next friend and father of Williams Wells, (together, the "Defendants"), stating as follows:

**NATURE OF THE ACTION**

1. Atain brings this action pursuant to 28 U.S.C. § 1332, seeking to rescind a policy of liability insurance issued to Adventure Facility Concepts and Management, LLC d/b/a Funtopia Glenview ("Funtopia" or the "Insured Party"). Funtopia made material misrepresentations in the application for the subject insurance policy that renders the policy void.

2. Alternatively, Atain seeks a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend and/or indemnify Funtopia, or any other defendant, in a lawsuit filed by Michael Wells ("Mr. Wells") on behalf of his son, *Michael Wells, as father and next friend of Williams Wells, v. Adventure Facility Concepts and Management, LLC d/b/a Funtopia and*

*Richard Thomas Architects*, Civil Action No. 2018-L-013411 in the Circuit Court of Cook County, Illinois (the "Underlying Lawsuit"). A true and correct copy of the operable pleading in the Underlying Lawsuit is attached hereto as Exhibit "A".

## THE PARTIES, JURISDICTION, AND VENUE

3. Atain is a Michigan corporation with its principal place of business in Farmington Hills, Michigan. Atain is a citizen of Michigan.

4. Funtopia ("Funtopia") is a Washington limited liability company with its principle office located at 2050 Tower Drive Suite 1C, Glenview, IL 60026. Funtopia's members are Yasen Nikolov, a citizen of Canada, and Adventure Facility Concepts and Management OOD, a Bulgarian limited liability company with its principal place of business in Bulgaria. Adventure Facility Concepts and Management OOD has two members, Ivaylo Penkov Penchev and Tanya Romenova Kishkin, who are both citizens of Bulgaria. Funtopia may be served through its registered agent, Incorp Services, at 901 S 2nd Street Ste. 201 Springfield, IL 62704.

5. Michael Wells is a resident and citizen of Illinois. Mr. Wells can be served at his residence, 1507 Winnetka Avenue, Northfield, Illinois 60093.

6. The Court has personal jurisdiction over each of the Defendants by virtue of sufficient contacts with the forum.

7. Complete diversity of citizenship exists between Atain and the Defendants because Atain is a Michigan citizen and the Defendants are citizens of Illinois, Canada and Bulgaria. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9.      Venue is proper because a substantial part of the events giving rise to the allegations in the Underlying Lawsuit occurred in this district and, in the alternative, at least one defendant is subject to the Court's personal jurisdiction in this district, pursuant to 28 U.S.C. § 1391.

10.     To ensure complete relief, Atain named Mr. Wells, the Plaintiff in the Underlying Lawsuit, in addition to the Insured Party to ensure complete relief.

11.     This action is brought pursuant to 28 U.S.C. § 1332 and 215 ILCS 5/154 seeking to rescind the insurance policy.

12.     Alternatively, this action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Atain's obligations for the Underlying Lawsuit to the Insured Party, or any of the other potential defendants, under a policy of insurance issued to the Insured Party. Atain is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend and/or indemnify the Insured Party in the Underlying Lawsuit. An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## FUNTOPIA'S APPLICATION FOR INSURANCE

13.     On April 27, 2018, Funtopia submitted a signed "Climbing Gyms Insurance Application" (the "Application"). A true and correct copy of the Application is attached hereto as Exhibit "B".

14.     In the Application, Section 4, Question 8 asked the applicant to "Describe the flooring system in your gym." Ex. B, p. 3 of 6.

15.     Funtopia provided the following response to Section 4, Question 8: "BOUND CARPET." Ex. B, p. 3 of 6.

16. In the Application, Section 4, Question 16 asked the applicant to "Describe where warning, Climb Smart!, Rules, and any other similar posters are placed in the gym." Ex. B, p. 3 of 6.

17. Funtopia provided the following response to Section 4, Question 16: "posted at every wall. Supervision on all walls & activities." Ex. B, p. 3 of 6.

18. In the Application, Section 4, Question 17 asked the applicant to "Describe your company policy regarding the monitoring of your walls/climbers during gym hours." Ex. B, p. 3 of 6.

19. Funtopia provided the following response to Section 4, Question 17: "Staff supervises ALL walls & activities with a 1 to 5 and 1 to 10 ratio." Ex. B, p. 3 of 6.

20. Section 7 of the Application, titled "Participant Overview", Question 1 asked Funtopia to "List [Funtopia's] minimum age requirement" for bouldering, roped/wall climbing, and belaying." Ex. B, p. 4 of 6.

21. Funtopia provided the following age requirements in response: "Bouldering: 10 Roped/Wall Climbing: 10 Belaying: N/A." Ex. B, p. 4 of 6.

22. The Application included the following Warranty: "I/We warrant to the Company, that I/We understand and accept the notice stated above and that the information contained herein is true and that it shall be the basis of the policy and deemed incorporated therein, should the Company evidence its acceptance of this application by issuance of a policy."

23. Yassen Nisolov signed the Application as the President of Funtopia on April 27, 2018.

24. Yassen Nisolov, President of Funtopia, also signed Atain's document titled "Climbing Minimum Eligibility Requirements" on April 27, 2018, agreeing to follow Atain's mandatory insurability requirements as a condition precedent to obtaining insurance coverage. A

4

true and correct copy of the signed Climbing Minimum Eligibility Requirements is attached hereto as Exhibit "C".

26. These Requirements included the requirement that "[p]articipants must be at least 7 years of age on their last birthday, unless accompanied by a Parent or Legal Guardian at all times during activities." Ex. C, ¶ 12.

## THE UNDERLYING LAWSUIT

26. On December 13, 2018, Mr. Wells filed the Underlying Lawsuit against Funtopia.[1]

27. The Underlying Lawsuit was removed to this Court but remanded following the addition of two defendants, Graystar Construction, Inc. and Richard Thomas Architects. After the remand, an Amended Complaint was filed in the Cook County Circuit Court on June 7, 2019.[2]

28. The Underlying Lawsuit alleges that Funtopia owned, operated and maintained an indoor children's amusement center located at 2050 Tower Drive, Suite 1C, Glenview, Cook County, Illinois.

29. The Underlying Lawsuit states that Funtopia's facility included a climbing wall, which was created by a series of suspended ropes, which was present for the benefit of Funtopia's patrons.

30. The Underlying Lawsuit further contends that the Funtopia facility had a limited area for padded mats near and around the base of the climbing wall for the protection for climbers who fall from the ropes.

---

[1] The Underlying Lawsuit is styled as *Michael Wells, as Father and Next Friend of William Wells, a minor v. Adventure Facility Concepts and Management, LLC d/b/a Funtopia, a foreign limited liability company, and Richard Thomas Architects*, Case No. 2018L013411, in the Circuit Court of Cook County, Illinois.

[2] Graystar Construction, Inc. has since been dismissed from the Underlying Lawsuit with prejudice.

31. The Underlying Lawsuit alleges that the Funtopia facility included hardwood flooring pathways between its attractions and equipment, and alleges this hardwood pathway was directly below the rope climbing attraction.

32. The Underlying Lawsuit alleges Funtopia allowed a portion of the floor near the climbing wall attraction to be unprotected by not placing mats in the area.

33. The Underlying Lawsuit alleges the hardwood flooring pathways were utilized by Funtopia's employees to supervise patrons utilizing the facility's equipment and attractions.

34. The Underlying Lawsuit alleges that William Wells was a patron of Funtopia on August 2, 2018.

35. The Underlying Lawsuit alleges that on August 2, 2018, William Wells was four years old.

36. The Underlying Lawsuit alleges that while William Wells was at Funtopia he ascended a rope wall while wearing a safety harness, but without the harness tethered to the safety cable.

37. The Underlying Lawsuit further alleges that while William Wells was climbing the suspended rope wall he was caused to fall, landing approximately fifteen feet below.

38. The Underlying Lawsuit alleges that William Wells landed on non-padded hardwood floor below the suspended rope wall.

39. The Underlying Lawsuit alleges that Funtopia breached its duty and was negligent in failing to supervise William Wells, failing to train William Wells on how to use the equipment, failing to follow safety measures, and failing to place padded safety mats below the suspended rope climbing wall.

40. Mr. Wells seeks damages for William Wells' sustained injuries.

## **THE POLICY**

41. Based on Funtopia's representations in its April 27, 2018 application for insurance coverage, Atain issued Policy No. CIPLOR202536 to "Funtopia Glenview; Adventure Facility Concepts & Management, LLC" for the policy period April 27, 2018 to April 27, 2019. A true and correct copy of the Policy is attached as Exhibit "D".

42. The Commercial General Liability Coverage Form for the Policy states, in pertinent part, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking "bodily injury" or "property damage" to which this insurance does not apply.

Ex. D, Policy at CG 00 01 04 13, p. 1 of 16.

43. The Policy includes a Fraud, Concealment and Misrepresentation Endorsement, which provides:

> **FRAUD, CONCEALMENT AND MISREPRESENTATION ENDORSEMENT**
>
> **THIS ENDORSEMENT APPLIES TO ALL COVERAGE PARTS PROVIDED UNDER THE POLICY**
>
> **A. FRAUD, CONCEALMENT AND MISREPRESENTATION FOR INCEPTION OF THIS POLICY**
>
> This policy was issued based on the information supplied on an application and other correspondence, including your claims or loss history. This information is attached to and considered to be part of this policy.
>
> You should review this information carefully because the truth of this information was of paramount importance in influence our decision to issue this policy.
>
> You, for all the insureds under this policy, do warrant the truth of such information

7

    to the best of your and their knowledge at the inception date of this policy.

    If such information is false or misleading, it may cause denial of coverage or voiding the policy. In any such instance, there shall be no duty to defend or indemnify any insured.

Ex. D, Policy at AF-3380 (06/17).

44. The Policy also contains a Limitation of Coverage-Specified Operations, which states:

**LIMITATION OF COVERAGE-SPECIFIED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

**DESCRIPTION OF COVERED OPERATIONS:**
EMPLOYEE MONITORED INDOOR CLIMBING GYM, ROPES COURSE, CAVING SYSTEM, NINJA WARRIOR ACTIVITIES; ON PREMISES DAY CAMPS

This insurance applies only to operations specifically described in the Schedule above as a covered operation. There shall be no duty to defend or indemnify any insured for an "occurrence", "suit", liability, claim, demand or cause of action arising out of any operation or activity other than what is specifically described in the Schedule above.

Ex. D, Policy at AF3398 (3/17), p. 1 of 1.

45. The Policy also contains an endorsement requiring Funtopia to comply with certain conditions precedent to coverage, stating as follows:

**COVERAGE LIMITATION AND CONDITION PRECEDENT FOR COVERAGE – SIGNED WAIVER MANDATE AND SAFETY PROCEDURE WARRANTY ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This Endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

It is hereby agreed and understood that this policy is amended to include the following as a condition precedent for any insured seeking coverage under this policy:

1.     For any individual engaging in any activity at the direct of any insured or

8

        arising out of any activity for which the individual seeks to hold any insured legally liable, a signed waiver from the individual must be in place where the individual expressly assumes thee risk for any injury, serious injury or death that occurs in connection with the activity in question.

2.    The signed waiver referred to in paragraph one (1) must fully release the insured, any of its instructors or guides, those performing services on its behalf, or anyone else seeking coverage under this policy from any and all liability, claims, demands, actions or rights of actions which are related to, arise out of, or are any way connected to the Individual's involvement in the activity in question.

3.    In the event of a claim, the insured must be able to produce a signed copy of the waiver in question to us.

4.    Strict adherence to all written safety procedures on file with the company, is mandatory for any activity that is covered under this policy.

5.    The insured warrants that it will comply with any and all applicable state and local health and safety codes before allowing any individuals to engage in any activity that is covered under this policy, use any equipment in the course of any activity, or engage in any activity for which the insured may be held legally liable.

The policy was issued based on strict compliance with the conditions noted above. This was of paramount importance in influencing our decision to issue the policy. Failure to comply with any of the mandates noted above allows us to void this policy.

It shall be the duty of any insured seeking coverage under this policy to ensure that all conditions of this endorsement are satisfied. Further, continuous compliance with all conditions above is mandated. We shall have no obligation for defense or indemnity for any insured seeking coverage under this policy if all of the conditions of this Endorsement are not satisfied.

AF001773A (12/2017).

46.    Funtopia acknowledge these conditions precedent to coverage and separately signed and dated the Coverage Limitation and Condition Precedent for Coverage – Signed Waiver Mandate and Safety Procedure Warranty Endorsement on April 27, 2017. Ex. D, Policy, AF001773A (12/2017).

**COUNT I – RECISSION**

47.    In its application for insurance coverage, Funtopia represented that its floors were covered with bound carpet.

48. In its application for insurance coverage, Funtopia also represented that the minimum age requirement for participation in roped/wall climbing and belaying activities was ten (10) years old.

49. When applying for coverage, Funtopia acknowledged that a condition precedent to coverage was an agreement by Funtopia that all participants under seven (7) years old be accompanied by a Parent or Legal Guardian at all times during activities.

50. Atain issued the Policy to Funtopia based on Funtopia's representations and agreement to Atain's requirements.

51. Had Funtopia disclosed that its facility had hardwood floors, Atain 1) would not have issued the Policy to Funtopia, or 2) would have charged Funtopia a higher premium for the coverage provided by the Policy.

52. Funtopia's misrepresentation regarding the flooring system at its facility is a material misrepresentation because it materially affects the acceptance of the risk and/or the hazard assumed by Atain.

53. Had Funtopia disclosed that it allowed individuals younger than seven (7) years old to participate in roped/wall climbing and bouldering activities without a parent or legal guardian accompanying them, Atain 1) would not have issued the Policy to Funtopia, or 2) would have charged Funtopia a higher premium for the coverage provided by the Policy.

54. Funtopia's misrepresentation regarding the minimum age requirement for participation in roped/wall climbing and bouldering activities is a material misrepresentation because it materially affects the acceptance of the risk and/or the hazard assumed by Atain.

55. Funtopia's material misrepresentations in its application for coverage allows Atain to rescind the policy.

## COUNT II – DECLARATORY RELIEF
### (NO DUTY TO DEFEND OR INDEMNIFY)

56. In the alternative, Atain pleads that coverage is barred for the Underlying Lawsuit by the terms and exclusions of the Policy.

57. The Underlying Lawsuit alleges that William Wells was four years old at the time of the Incident when he was permitted to partake in Funtopia's climbing activities.

58. The Underlying Lawsuit alleges that William Wells was unsupervised when he ascended the rope climbing wall and fell.

59. The Underlying Lawsuit alleges that William Wells fell onto an uncovered area of hardwood flooring.

60. The Underlying Lawsuit alleges that Funtopia was negligent in failing to supervise William Wells.

61. In its application for coverage, Funtopia represented that all participants in roped/wall climbing activities would be at a minimum ten years old.

62. Therefore, coverage for the Underlying Lawsuit is barred by the Policy's Fraud, Concealment, and Misrepresentation Endorsement as Funtopia misrepresented to Atain the minimum age requirements for participation in climbing activities at its facility.

63. In its application for coverage, Funtopia represented that the floors at the facility were covered with bound carpet.

64. Therefore, coverage for the Underlying Lawsuit is barred by the Policy's Fraud, Concealment, and Misrepresentation Endorsement as Funtopia misrepresented to Atain the type of flooring at its facility.

65. The Underlying Lawsuit further alleges that Funtopia failed to supervise William Wells during his climbing activities.

11

66. Therefore, coverage for the Underlying Lawsuit is barred by the Policy's Limitation of Coverage – Specified Operations Endorsement, which states the Policy's coverage only applies to "employee monitored" activities.

67. Finally, the Underlying Lawsuit alleges Funtopia failed to comply with its safety procedures.

68. Therefore, coverage for the Underlying Lawsuit is barred by the Policy's Coverage Limitation and Condition Precedent for Coverage – Signed Waiver Mandate and Safety Procedure Warranty Endorsement.

69. Accordingly, Atain seeks a declaration that there is no coverage under the Policy for the claims alleged in the Underlying Lawsuit and, therefore, that Atain has no duty to defend or indemnify Funtopia for any claims arising out of, or related to, the Incident and Underlying Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Atain prays for the following relief:

1. The Court to rescind the Policy as follows:

   a. The Court to void the Policy and declare that the Policy is unenforceable *ab initio;*

   b. The Court to order Atain to return the premium paid by Funtopia for the Policy and any endorsements thereto;

   c. The Court to order Funtopia to reimburse Atain for all money paid to counsel to defend Funtopia in the Underlying Lawsuit; and

   d. The Court to grant such further relief the Court deems just and equitable.

Alternatively, Atain prays for:

2. The Court to declare there is no coverage under the Policy, as follows:

a. The Court to declare that there is no coverage available under the Policy for Funtopia, and that judgment be entered in favor of Atain and against all of the Defendants that Atain owes no duty to defend Funtopia, or any other party, in the Underlying Lawsuit or against any claims or suits that may have been or may be brought arising out of or related to the Incident, or the facts alleged in the Underlying Lawsuit;

b. The Court to order that Atain may withdraw the defense being provided to Funtopia in the Underlying Lawsuit;

c. The Court to order that Atain is entitled to recover all defense costs incurred to date to defend Funtopia in the Underlying Lawsuit; and

d. The Court to award Atain its costs of suit and such other relief as the Court deems just and proper.

This 26th day of April 2022.

*/s/ Richard E. Zelonka, Jr.*
Craig M. Derrig, ARDC #6277269
Richard E. Zelonka, Jr., ILND #142152
Charles R. Vogt, ARDC #6321671
WOOD SMITH HENNING & BERMAN, LLP
222 South Riverside Plaza, Suite 640
Chicago, IL 60606
312-766-4450 (p) / 312-766-4451 (f)
cderrig@wshblaw.com
rzelonka@wshblaw.com
cvogt@wshblaw.com

*Counsel for Atain Specialty Insurance Company*