UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ADVENTURE FACILITY CONCEPTS AND MANAGEMENT, LLC, d/b/a FUNTOPIA, and MICHAEL WELLS, as Father and Next Friend of WILLIAM WELLS, <br><br> Defendants. | No. 22 C 482 <br><br> Judge Sara L. Ellis |

**OPINION AND ORDER**

Plaintiff Atain Specialty Insurance Company ("Atain") brings this lawsuit, pursuant to 28 U.S.C. § 1332, for recission of an insurance policy issued to Defendant Adventure Facility Concepts and Management, LLC ("Funtopia") or, alternatively, for a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend or indemnify in a Circuit Court of Cook County negligence lawsuit filed by Michael Wells against Funtopia. Defendants Funtopia and Wells[1] move to dismiss or stay Atain's federal complaint on the basis that a ruling on the declaratory judgment action would require a determination of facts in the underlying state court lawsuit. Because the Court finds that it will not need to determine the "ultimate facts" in the underlying case in order to decide whether Funtopia provided misrepresentations in its application for insurance coverage which occurred three months prior to the events alleged in the underlying case, the Court denies Defendants' motion.

---

[1] Defendant Wells joins Funtopia's motion to dismiss or stay. Doc. 22.

## BACKGROUND[2]

Defendant Wells filed the underlying lawsuit against Funtopia alleging negligence that resulted in injuries to his son in August 2018. *Wells v. Adventure Facility Concepts & Mgmt., LLC*, Civil Action No. 2018-L-013411 (Cir. Ct. Cook Cnty.). The underlying lawsuit pleads that Funtopia owns and operates an indoor children's amusement center in Glenview, Illinois, that includes a climbing wall created by a series of suspended ropes. It further alleges that Funtopia did not place padded mats on the hardwood flooring below the climbing wall. Wells' son, who was four years old in 2018, ascended the climbing wall with an untethered safety harness and fell approximately fifteen feet to the hardwood floor below. The lawsuit alleges that Funtopia negligently failed to supervise Wells' son, to properly train him on how to use the equipment, to follow safety measures, and to place padded safety mats below the climbing wall. Wells seeks damages for his son's injuries.

Over three months before the incident, Funtopia applied for climbing gym insurance from Atain. In response to Atain's insurance application question, "Describe the flooring system in your gym," Funtopia answered "bound carpet." Doc. 30 ¶¶ 14–15. As for where climbing rules and warnings would be located, Funtopia answered, "every wall," and that it would have "[s]upervision on all walls & activities." *Id.* ¶¶ 16–17. Funtopia further stated that staff "supervises ALL walls & activities with a 1 to 5 and 1 to 10 ratio," and the minimum age for the climbing wall is ten years old. *Id.* ¶¶ 18–21. Funtopia's insurance application warranted that its answers were true, and Funtopia's president signed the application. Funtopia's president also signed a separate document, "Climbing Minimum Eligibility Requirements," agreeing, as a condition precedent to obtaining insurance coverage, to follow Atain's mandatory insurability

---

[2] The Court takes the facts in the background section from Atain's first amended complaint and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

requirements that included "[p]articipants must be at least 7 years of age on their last birthday, unless accompanied by a Parent or Legal Guardian at all times during activities." *Id.* ¶¶ 24–25.

Based on Funtopia's representations in the application, Atain issued Policy No. CIPLOR202536 for the policy period April 27, 2018, to April 27, 2019 ("the Policy"). The Policy contains a Commercial General Liability Coverage Form with terms of indemnification and duty to defend. It also contains a Fraud, Concealment and Misrepresentation Endorsement warning that false information in the application could result in denial of coverage or could void the policy, with no duty to defend or indemnify. The endorsement describing the "covered operations" states that only the enumerated activities, including as relevant here, "employee monitored indoor climbing gym," fall under the Policy. *Id.* ¶ 44. The Policy also contains an endorsement requiring Funtopia to comply with certain conditions precedent to coverage, which include signed waivers and strict adherence with written safety procedures.

After Wells filed the underlying lawsuit, Atain filed this action, alleging that Funtopia's application contained material misrepresentations about its floor coverings and minimum age requirements. Atain seeks recission of the policy or, in the alternative, a declaratory judgment that it has no duty to defend and/or indemnify Funtopia in the underlying lawsuit.

## LEGAL STANDARD

Defendants move to dismiss or stay under the Illinois *Peppers* doctrine.[3] *See Md. Cas. Co. v. Peppers*, 64 Ill. 2d 187 (1976). The *Peppers* doctrine mandates that "it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation." *Scottsdale Ins. Co. v. City of Waukegan*, No. 13–cv–03088, 2014 WL 3600517, at *2 (N.D. Ill. July 21, 2014) (citations omitted) (internal quotation marks omitted).

---

[3] The parties seem to agree that Illinois law applies to the insurance contract at issue.

3

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A district court has substantial discretion to dismiss or stay a case where it is called upon "to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). "The party requesting a stay bears the burden of showing that the circumstances justify it." *Hudson Specialty Ins. Co. v. Joseph*, No. 19-CV-6293, 2020 WL 3050251, at *2 (N.D. Ill. June 8, 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal quotation marks omitted)).

## ANALYSIS

Defendants move to dismiss or stay on the basis that this Court, in considering the declaratory judgment action, will be required to determine "ultimate facts" in the underlying case. Defendants argue that the Court must decide "whether Funtopia bears responsibility for the injuries" allegedly suffered by Wells' son for potential recission and the duty to defend. Doc. 16 ¶ 4. Atain argues that its recission count concerns Funtopia's alleged misrepresentations on the insurance application and that a decision on the duty to defend will not require findings on the truth of the allegations in the underlying lawsuit. The Court agrees.

In *Peppers*, an insurance company brought a declaratory judgment action against the insured for determination of liability coverage, while the insured was a defendant in an underlying personal injury action. 64 Ill. 2d 195–97. The trial court decided that the insured intentionally caused injury to the plaintiff in the underlying action. *Id.* at 197. Holding that "[t]he issue was one of the ultimate facts upon which recovery [was] predicated in the

4

[underlying] personal injury action against [the insured]," the Illinois Supreme Court found that the trial court's decision was "premature," and reversed. *Id.* "'[A]n ultimate fact is one which would estop the plaintiff in the underlying case from pursuing one of his theories of recovery.'" *Fremont Comp. Ins. Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill. App. 3d 734, 742–43 (1999) (quoting *Fid. & Cas. Co. of N.Y. v. Envirodyne Eng'rs, Inc.*, 122 Ill. App. 3d 301, 307 (1983)).

As for the recission count, Atain pleads that when Funtopia applied for insurance, it made material misrepresentations about the nature of its floor coverings and the minimum age of climbing wall participants. According to Atain, these false answers misrepresented the risk that it assumed in issuing the Policy. A decision on the recission question will require the Court to examine the application and determine whether the answers matched the flooring and age limit policies in place at the time Funtopia signed the application—three months before the incident. While it is likely that the state court will consider age minimums and floor coverings in the underlying case, Funtopia's application answers and the state of its floors and requirements three months prior to the incident have limited relevance to the events of that day and certainly will not preclude Wells from pursing any theory of liability. *See Hudson*, 2020 WL 3050251, at *3 (denying stay of recission count, explaining "indeed, because negligence and the facts at issue here are not coterminous, there would not be any judicial economy in waiting the underlying litigation out").

The *Peppers* doctrine also does not require the Court to dismiss or stay Atain's duty to defend declaratory judgment count. The presence of a related state suit raises "concerns about comity, the efficient allocation of judicial resources, and fairness to the parties." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). However, "the mere pendency of another suit is not

5

enough in itself to refuse a declaration." *Id.* (citation omitted) (internal quotation marks omitted). The Seventh Circuit has instructed courts to consider, among other matters:

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Id.* The proper inquiry asks "how real [is the] prospect that the declaratory action may present factual questions that the state court has also been asked to decide." *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) (citation omitted) (internal quotation marks omitted).

Atain's duty to defend claim presents a distinct question from the underlying negligence case. The Court looks to the face of the insurance policy when determining the duty to defend, "[t]hus, [it] ordinarily will have no reason to immerse itself in the facts surrounding the incident in question; it need only look to the allegations made against the insured and decide whether, if proven, those allegations would establish an injury that the policy would cover." *Zavalis*, 52 F.3d at 694. This will not require the Court to decide any issues that touch on Funtopia's potential safety or supervision failures. Atain is not a party to the underlying suit, and "[a]n insured and his insurer have a mutual interest in speedy resolution of the insurer's duty to supply him a defense against a tort claim that may fall outside the coverage of the insurance policy." *Id.* at 697. Finally, Illinois law requires an insurer to either defend the insured or seek a declaratory judgment that it has no duty to defend—otherwise, the insurer cannot raise policy coverage defenses for the issue of indemnity. *State Auto Prop. & Cas. Ins. Co. v. Perez*, No. 13-cv-01132, 2013 WL 12242006, at *6 (C.D. Ill. July 16, 2013) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006)). Should the Court dismiss the declaratory judgment count,

6

Atain could be left without the ability to seek comparable relief. The Court will not stay or dismiss Atain's declaratory judgment count.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss or stay [16].

Dated: July 11, 2022

                                                  SARA L. ELLIS
                                                  United States District Judge