UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 22 C 482<br>)<br>) Judge Sara L. Ellis |
| ADVENTURE FACILITY CONCEPTS AND MANAGEMENT, LLC, d/b/a FUNTOPIA, and MICHAEL WELLS, as Father and Next Friend of WILLIAM WELLS, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Atain Specialty Insurance Company ("Atain") brings this lawsuit, pursuant to 28 U.S.C. § 1332, for rescission of an insurance policy issued to Defendant Adventure Facility Concepts and Management, LLC ("Funtopia") or, alternatively, for a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend or indemnify Funtopia in a Circuit Court of Cook County negligence lawsuit filed by Michael Wells. Defendants Funtopia and Wells moved to dismiss or stay this case on the basis that a ruling on the declaratory judgment action would require a determination of facts in the underlying state court lawsuit. The Court denied that motion, concluding that it will not need to determine the "ultimate facts" in the underlying case in order to decide whether Funtopia provided misrepresentations in its application for insurance coverage three months prior to the events alleged in the underlying case. Doc. 34. Funtopia then sought clarification and reconsideration, contending that the exhibits attached to Atain's first amended complaint contradicted certain allegations the Court treated as true and so required a different result. In response, Atain filed a second amended complaint, providing additional

information concerning Funtopia's insurance application and related documents. Funtopia, joined by Wells, has again moved to dismiss, raising similar arguments to those in the motion for clarification and reconsideration as to why Atain's claims fail. Because Atain has sufficiently alleged bases for rescission of the insurance policy and a finding of no coverage, regardless of whether a Funtopia representative signed the insurance application, the Court denies Funtopia's motion to dismiss and finds the motion for clarification and reconsideration moot.

## BACKGROUND[1]

Defendant Wells filed the underlying lawsuit against Funtopia alleging negligence that resulted in injuries to his son in August 2018. *Wells v. Adventure Facility Concepts & Mgmt., LLC*, Civil Action No. 2018-L-013411 (Cir. Ct. Cook Cnty.). The underlying lawsuit pleads that Funtopia owns and operates an indoor children's amusement center in Glenview, Illinois, that includes a climbing wall created by a series of suspended ropes. It further alleges that Funtopia did not place padded mats on the hardwood flooring below the climbing wall. Wells' son, who was four years old in 2018, ascended the climbing wall with an untethered safety harness and fell approximately fifteen feet to the hardwood floor below. The lawsuit alleges that Funtopia negligently failed to supervise Wells' son, to properly train him on how to use the equipment, to follow safety measures, and to place padded safety mats below the climbing wall. Wells seeks damages for his son's injuries.

Over three months before the incident, on April 27, 2018, Funtopia completed a climbing gyms insurance application provided by Veracity Insurance Solutions ("Veracity"), Funtopia's insurance broker. In response to the question, "Describe the flooring system in your gym," Funtopia answered "bound carpet." Doc. 50 ¶¶ 17–18. As for where climbing rules and

---

[1] The Court takes the facts in the background section from Atain's second amended complaint and the exhibits attached thereto and presumes them to be true for the purpose of resolving Funtopia's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

warnings would be located, Funtopia answered, "every wall," and that it would have "[s]upervision on all walls & activities." *Id.* ¶¶ 19–20. Funtopia further stated that staff "supervises ALL walls & activities with a 1 to 5 and 1 to 10 ratio," and that the minimum age for the climbing wall is ten years old. *Id.* ¶¶ 21–24. The application also included a warranty that the information Funtopia provided was true and that Funtopia understood that that information formed "the basis of the policy and [was] deemed incorporated therein should the [insurance] Company evidence its acceptance of this application by issuance of a policy." *Id.* ¶ 25. The signature line on the application was left blank, although the name of Funtopia's president, Yasen Nikolov, was printed on the line above "Print Name" and the application was dated April 27, 2018.[2] Doc. 50-3 at 8. Veracity then submitted the application to Atain, requesting a quote from Atain in line with the policy Atain had issued to Funtopia's sister location in Naperville, Illinois.

Funtopia also submitted several other documents to Atain in connection with its insurance application, including a document titled "Climbing Minimum Eligibility Requirements." This document listed "mandatory insurability requirements," including that "[p]articipants must be at least 7 years of age on their last birthday, unless accompanied by a Parent or Legal Guardian at all times during activities." Doc. 50-6 at 2. Funtopia agreed to adhere to these requirements "as a condition for obtaining insurance coverage," with Nikolov

---

[2] In its July 11, 2022 Opinion and Order addressing Funtopia's motion to dismiss the first amended complaint, the Court stated that Funtopia's president signed the application. Doc. 34 at 2. While Funtopia correctly points out that no signature was affixed on the signature line of the application, the fact of a signature on the application did not influence the Court's analysis and so does not provide a basis for reconsideration of the July 11, 2022 Opinion. This is so particularly given that Atain has filed a second amended complaint addressing Funtopia's arguments concerning its ability to rely on Funtopia's representations as grounds for rescission. The Court fully addresses Funtopia's arguments concerning the lack of a signature on the insurance application in connection with its request for dismissal of the second amended complaint, making Funtopia's motion for clarification and reconsideration on this basis moot.

initialing next to each requirement and signing the document on April 27, 2018.[3] *Id.* On that date, Nikolov also signed a bind request form, indicating that Funtopia accepted the terms and conditions of Atain's insurance proposal.

Based on Funtopia's representations in its application package, Atain issued Policy No. CIPLOR202536 to Funtopia for the policy period April 27, 2018 to April 27, 2019 ("the Policy"). The Policy contains a Commercial General Liability Coverage Form with terms of indemnification and duty to defend. It also contains a fraud, concealment, and misrepresentation endorsement, which states in relevant part:

> This policy was issued based on the information supplied on an application and other correspondence, including your claims or loss history. This information is attached to and considered to be part of this policy.
>
> You should review this information carefully because the truth of this information was of paramount importance in influencing our decision to issue this policy.
>
> You, for all the insureds under this policy, do warrant the truth of such information to the best of your and their knowledge at the inception date of this policy.
>
> If such information is false or misleading, it may cause denial of coverage or voiding the policy. In any such instance, there shall be no duty to defend or indemnify any insured.

Doc. 50-8 at 8. An endorsement describing the "covered operations" states that only the enumerated activities, including as relevant here, "employee monitored indoor climbing gym," fall under the Policy. Doc. 50 ¶ 44. The Policy also contains an endorsement requiring Funtopia to comply with certain conditions precedent to coverage, which include signed waivers and strict

---

[3] The first amended complaint attached a version of the Climbing Minimum Eligibility Requirements document that Nikolov had signed but not initialed. Doc. 30-3. After Funtopia pointed this out in its motion for clarification and reconsideration, Atain replaced that version in the second amended complaint with one that Nikolov both initialed and signed. Doc. 50-6. The existence of an initialed and signed document moots the remaining portion of Funtopia's motion for clarification and reconsideration of the July 11, 2022 Opinion and Order.

adherence with written safety procedures (the "waiver mandate"). Nikolov signed the waiver mandate on April 27, 2018.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Atain's Reliance on Alleged Misrepresentations as the Basis for Its Claims

Section 154 of the Illinois Insurance Code provides:

> No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company.

215 Ill. Comp. Stat. 5/154. For its rescission claim, Atain pleads that when Funtopia applied for insurance, it made material misrepresentations about the nature of its floor coverings and the minimum age of climbing wall participants. According to Atain, these false answers misrepresented the risk that it assumed in issuing the Policy and allow Atain to rescind the Policy. Similarly, Atain grounds its contention that it has no duty to defend or indemnify Funtopia in part on the Policy's fraud, concealment, and misrepresentation endorsement, claiming that Funtopia misrepresented the minimum age requirements for participation in climbing activities in its insurance application.

Funtopia argues that Atain cannot proceed on these claims because no Funtopia representative signed the insurance application. Funtopia relies on *Lycoming Fire Insurance Co. v. Jackson*, 83 Ill. 302, 305 (1876), to argue that "an insurer may not rely on an unsigned policy application in seeking rescission of an insurance policy." Doc. 51 at 3. But *Lycoming* does not set forth the bright-line rule that Funtopia advocates. *Lycoming* addressed a situation where an agent of the insured signed the application and nothing indicated that the insured authorized the application or ratified it after its execution. 83 Ill. at 305. The Illinois Supreme Court concluded that, under those circumstances, the insured could not be bound by any misrepresentations in the application of which she did not know.[4] *Id.* Here, although no signature appears above the signature line in the insurance application, the Court cannot definitively conclude at the pleading stage that Funtopia did not authorize, adopt, or ratify the application despite the lack of a signature. Instead, the second amended complaint and the exhibits attached thereto sufficiently suggest that Funtopia submitted the application with knowledge of its contents, agreeing to be

---

[4] Funtopia also cites to *Direct Auto Insurance Co. v. Thang*, 2018 IL App (1st) 180240-U, for support. But the *Thang* court did not address whether an application must be signed in order for an insurer to make out a rescission claim based on false statements in the application. Instead, the court only addressed whether the insurer had laid a proper foundation for admission of the document it maintained constituted the insured's application at trial. *Id.* ¶¶ 41–42.

bound by the representations made therein.[5] While discovery may prove otherwise, the lack of a Funtopia representative's signature on the signature line of the insurance application does not defeat Atain's claims at the pleading stage.

Funtopia alternatively argues that Atain cannot rely on any representations in the insurance application because the application was not specifically directed to the Policy but rather was a general application provided by Funtopia's insurance agent, Veracity. This argument is a red herring, however, as Funtopia's agent submitted the application to Atain, and Atain relied on the application to issue the Policy. *Cf. Ill. State Bar Ass'n Mut. Ins. Co. v. Brooks, Adams & Tarulis*, 2014 IL App (1st) 132608, ¶¶ 23–24 (misrepresentation in an application for an earlier policy could not provide a basis for rescinding a later-issued policy, stating "[w]e cannot add language to the Code to make one misrepresentation defeat all subsequent insurance contracts, when the insured made no misrepresentations in its applications for the subsequent insurance").

Finally, Funtopia argues that Atain cannot use alleged misrepresentations in the Climbing Minimum Eligibility Requirements document as a basis for rescission or denial of coverage because that document was not part of the Policy or application for the Policy.[6] *See* 215 Ill.

---

[5] Funtopia also represents that the application states that "'should [Atain] evidence its acceptance of this application by the issuance of a policy' the Application was explicitly to be 'signed by the undersigned authorized agent of the Applicant(s).'" Doc. 51 at 4. Funtopia argues that, given this requirement, because no Funtopia agent signed the application, "no other mode" of acceptance was possible. *Id.* But Funtopia improperly strings together portions of two separate sentences to reach its desired result. The application includes a statement that the applicant warrants "that the information herein is true and that it shall be the basis of the policy and deemed incorporated therein, should [Atain] evidence its acceptance of this application by issuance of a policy." Doc. 50-3 at 8. It goes on to note that the "application is signed by undersigned authorized agent of the Applicant(s) on behalf of the Applicant(s) and its owners, partners, directors, officers and employees" but nowhere connects the two statements as Funtopia does in its motion. *Id.*

[6] Funtopia also argues that Atain cannot rely on its signature on the Bind Request Form to disclaim coverage. The Court understands Atain to use this signature to support its allegations that Funtopia

Comp. Stat. 5/154 (to void an insurance policy based on a misrepresentation or false warranty, the misrepresentation or false warranty "shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor"). But Atain alleges that this document formed part of the application package, and the document itself uses the word "application" and "applicant." Doc. 50-6 at 2. At this stage, then, the Court treats the Climbing Minimum Eligibility Requirements document as part of Funtopia's application for the Policy on which it may base its claims for rescission and avoidance of coverage.

**II.  Waiver Mandate**

Separately, Funtopia challenges whether Atain has set forth grounds for its denial of coverage for the underlying lawsuit. The second amended complaint lists three grounds that allegedly bar Funtopia's request for coverage of the underlying lawsuit: (1) the fraud, concealment, and misrepresentation endorsement; (2) the covered operations endorsement; and (3) the waiver mandate.[7] As relevant here, the waiver mandate requires "[s]trict adherence to all written safety procedures on file with the company" for all activities covered under the Policy. Doc. 50-8 at 35. Funtopia argues that the complaint in the underlying lawsuit does not allege a violation of Funtopia's safety procedures, meaning that Atain cannot rely on this ground to deny coverage. But as Atain points out, the safety procedures Funtopia provided to Atain with its application require a Funtopia supervisor to attach a participant to the auto-belay system. Doc. 50-4 at 90. And the underlying complaint alleges that, among other things, Wells' son ascended the rope climbing wall without having the safety harness tethered to the safety cable. Doc. 50-1

---

agreed to be bound by the representations in the insurance application, not as a separate basis for rescission.

[7] The Court has already addressed Funtopia's arguments concerning the fraud, concealment, and misrepresentation endorsement. And Funtopia makes no argument as to the covered operations endorsement.

¶ 11. Wells' allegations in the underlying lawsuit thus at least suggest that Funtopia did not comply with its own safety procedures as represented to Atain. Thus, the second amended complaint sufficiently alleges a violation of the waiver mandate.[8]

## CONCLUSION

For the foregoing reasons, the Court grants Wells' motion to join Funtopia's motion to dismiss [52], denies Funtopia's motion to dismiss the second amended complaint [51], and denies Funtopia's motion for clarification and reconsideration [35].

Dated: January 17, 2023

SARA L. ELLIS
United States District Judge

---

[8] Because the second amended complaint sufficiently alleges defenses to coverage, the Court denies Funtopia's request that the Court enter a declaration that Atain must defend and indemnify Funtopia in the underlying case.